UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TYRONE DUNCAN**                                                                          **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 3:20-CV-837-GNS**

**COMMONWEALTH OF KENTUCKY**                                               **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Tyrone Duncan initiated this *pro se* 42 U.S.C. § 1983 action. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, this action will be dismissed.

**I.**

Plaintiff sues the Commonwealth of Kentucky. He alleges that he was incarcerated at Kentucky State Reformatory for conviction of a misdemeanor and that, although he was supposed to be released in 1992, he was not actually released until 1997. He states that the attorneys who represented him in his criminal case were not "helpful." As relief, Plaintiff seeks damages.

**II.**

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As indicated above, Plaintiff sues the Commonwealth of Kentucky. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, a state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment,[1] or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 781-82 (l978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

## IV.

For these reasons, the Court will dismiss this action by separate Order pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), respectively, for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief.

Date: January 25, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.011

---

[1] The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Although the amendment does not address the possibility of suit against a state by one of its own citizens, unassailable case law has interpreted the amendment in such a way as to close that gap." *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).